## UNITED STATES DISTRICT COURT
## DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| **CAROL BLANCHARD, EXECUTIVE DIRECTOR** ) | |
| **of the TEAMSTERS UNION 25 HEALTH SERVICES** ) | |
| **AND INSURANCE PLAN,** ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| **v.** ) | |
| ) | **CIVIL ACTION NO.** |
| **MARK EQUIPMENT, CORP.,** ) | **05-11047-RGS** |
| ) | |
| Defendant, ) | |
| ) | |
| and ) | |
| ) | |
| **EASTERN BANK,** ) | |
| Trustee. ) | |

## MOTION TO AMEND COMPLAINT

Pursuant to Rule 15 of the Federal Rules of Civil Procedure, Plaintiff Carol Blanchard moves for permission to file and serve the amended complaint annexed hereto. The amendments are as follows:

1. By deleting in Paragraphs 9 and 10 and inserting the following paragraphs in their place:

   9. The Defendant has been delinquent in payment of its contributions for the period of January 2006 through February 2006, totaling approximately $5,200.

   10. The Plan commissioned an audit on the Defendant's payroll records for the years 2002-2004. The Defendant failed to provide the auditor with payroll records for all of 2002 and for January 1, 2003 though June 30, 2003.

   11. The result of the audit of the records that the Defendant did provide from July 1, 2003 through December 31, 2004 revealed that the Defendant owed delinquent contributions totaling $1,614.23.

12. By failing to make the required contributions and by failing to turn over the demanded payroll records, the Defendant has violated its collective bargaining agreement with Local 25, the terms of the Plan, and ERISA § 515.

2. By inserting after prayer (3) and before prayer (4) under Prayers For Relief the following language:

(4) An order obligating Defendant Mark Equipment Corporation to furnish the accountants retained by the Plan with the information and documentation referred to in paragraph 10;

The grounds for this motion are that the foregoing amendments are necessary to reflect events occurring since the first amended complaint was filed and served and to present a more accurate, up-to-date claim against the Defendant.

For the Plaintiff,
**CAROL BLANCHARD,**
**EXECUTIVE DIRECTOR,**
**TEAMSTERS UNION 25 AND HEALTH**
**SERVICES AND INSURANCE PLAN,**
By her attorneys,

Matthew E. Dwyer, B.B.O. #139840
Brian P. Fox, B.B.O. #663927
Dwyer, Duddy & Facklam, P.C.
Two Center Plaza; Suite 430
Boston, MA  02108-1804
(617) 723-9777

Dated: 3/24/06

## CERTIFICATE OF SERVICE

I, Brian P. Fox, Esquire, do hereby certify that I have served a true and accurate copy of the foregoing document upon Stephen O'Duggan, Mark Equipment Corporation, 126 Old Page Street, Stoughton, MA 02072, via certified mail, postage pre-paid, this 24th day of March, 2006.

Brian P. Fox

UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | |
|---|---|
| CAROL BLANCHARD, EXECUTIVE DIRECTOR of the TEAMSTERS UNION 25 HEALTH SERVICES & INSURANCE PLAN, Plaintiff, | ) ) ) ) |
| v. | ) ) **CIVIL ACTION NO.** |
| MARK EQUIPMENT CORPORATION, Defendant, | ) **05-11047-RGS** ) ) ) |
| and | ) ) |
| EASTERN BANK, Trustee. | ) ) ) |

## AMENDED COMPLAINT

### I.    Introductory Statement

1.    This is an action by the Executive Director of the Teamsters Union 25 Health Services & Insurance Plan (hereinafter, the "Plan") for the collection of delinquent contributions due that employee benefit plan.

### II.    Jurisdiction and Venue

2.    The jurisdiction of this Court is founded upon Section 502(e)(1) of the Employee Retirement Income Security Act of 1974 (hereinafter, "ERISA"), as amended, 29 U.S.C. §1132(e)(1), which grants the district courts of the United States exclusive jurisdiction of civil actions brought to enforce the terms of an employee benefit plan and/or the provisions of ERISA.

3.    Venue is appropriate in this Court under Section 502(e)(2) of ERISA, 29 U.S.C. §1132(e)(2), which provides that an action may be brought in the district where the plan is administered.

### III.    Parties

4.    Plaintiff Carol Blanchard is the Executive Director of the Plan and a "fiduciary" within the meaning of § 502(a)(3) of ERISA, 29 U.S.C. § 1132(a)(3). The Plan is a "multi-employer

plan" as that term is defined by § 3(37)(A) of ERISA, 29 U.S.C. § 1002(37)(A), and is an "employee benefit plan" or "plan" as that term is defined in § 3(3) of ERISA, 29 U.S.C. § 1002(3). The Plan has its principal office and is administered from 16 Sever Street, Charlestown, Massachusetts.

5.    Defendant, Mark Equipment, Corp., is a Massachusetts corporation with a usual place of business at 126 Old Page Street, Stoughton, Massachusetts 02072.

6.    Trustee, Eastern Bank, is a company with a usual place of business at 397 Washington Street, Stoughton, Massachusetts 02072.

### IV.    Allegations Of Fact

7.    The Plan is established and exists by virtue of an Agreement and Declaration of Trust whose terms require a participating employer to make contributions in accordance with the terms of the employer's collective bargaining agreement(s) with Teamsters Local 25.

8.    The Defendant, Mark Equipment Corp. (hereinafter, "the Defendant"), is a participating employer having entered into one or more collective bargaining agreements with Teamsters Local No. 25. Pursuant to the terms of its collective bargaining agreement(s) with Local 25, the Defendant was obligated to make monthly contributions at stated hourly rates for each hour, up to forty in a week, that its employees received or were due pay under the collective bargaining agreement(s).

9.    The Defendant has been delinquent in payment of its contributions for the period of January 2006 through February 2006, totaling approximately $5,200.

10.   The Plan commissioned an audit on the Defendant's payroll records for the years 2002-2004. The Defendant failed to provide the auditor with payroll records for all of 2002 and for January 1, 2003 though June 30, 2003.

11.    The result of the audit of the records that the Defendant did provide from July 1, 2003

through December 31, 2004 revealed that the Defendant owed delinquent contributions

totaling $1,614.23.

12.    By failing to make the required contributions and by failing to turn over the demanded

payroll records, the Defendant has violated its collective bargaining agreement with Local 25,

the terms of the Plan, and ERISA § 515.


**V.     Prayers For Relief**

WHEREFORE, the Plaintiff prays that judgment enter for the following, all as provided for

by Section 502(g)(2) of ERISA, 29 U.S.C. §1132(g)(2):

(1)    The unpaid contributions;

(2)    Interest on the unpaid contributions;

(3)    An amount equal to the greater of –

(i)    Interest on the unpaid contributions, or

(ii)    Liquidated damages provided for under the Plan in an amount not in excess

of 20 percent of the amount determined by the Court,

(4)    An order obligating Defendant Mark Equipment Corporation to furnish the

accountants retained by the Plan with the information and documentation referred

to in paragraph 10;

(5)    Reasonable attorney's fees and costs of the action; and

(6)    Such other legal and equitable relief as the Court deems appropriate.

For the Plaintiff,
**CAROL BLANCHARD,**
**EXECUTIVE DIRECTOR,**
**TEAMSTERS UNION 25 HEALTH**
**SERVICES & INSURANCE PLAN**,
By her attorneys,

Matthew E. Dwyer, BBO# 139840
Brian P. Fox, BBO# 663927
Dwyer, Duddy & Facklam, P.C.
Two Center Plaza, Suite 430
Boston, MA 02108
(617) 723-9777

Dated: 3/24/06

## CERTIFICATE OF SERVICE

I, Brian P. Fox, Esquire, do hereby certify that I have served a true and accurate copy of the foregoing document upon Stephen O'Duggan, Mark Equipment Corporation, 126 Old Page Street, Stoughton, MA 02072, via certified mail, postage pre-paid, this 24th day of March, 2006.

Brian P. Fox

4